UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MONWELL DOUGLAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No: 2:12-cv-249-WTL-MJD |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

**I.**

Monwell Douglas was convicted in a state court of felony murder and robbery as a Class B felony. In this action, Douglas sought a writ of habeas corpus. After briefing and consideration of the expanded record, the petition for writ of habeas corpus was denied. Judgment was entered on the clerk's docket on January 8, 2014.

A notice of appeal was filed on January 14, 2014. The appeal has been docketed as No. 14-1087.

On January 16 and 17, 2014, the clerk docketed from the petitioner a motion for enlargement of time and his objection to the disposition of the case. On January 22, 2014, and January 30, 2014, Douglas filed motions for extension of time to file a request to proceed *in forma pauperis* and for leave to appeal *in forma pauperis*. These are the matters addressed in this Entry.

**II.**

As just noted, a notice of appeal has been received and processed. Accordingly, Douglas' motion for extension of time in which to file a notice of appeal [dkt 61] is **denied.**

**III.**

Douglas' objection filed on January 17, 2014 actually makes reference to a number of specific matters.

**A.**

Douglas' renewed request for a certificate of appealability [dkt 62] is **denied** for the same reasons explained in Part II of the Entry issued on January 8, 2014.

**B.**

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

In this case, given the timing and the content of Douglas' objection to the disposition of his habeas petition, that objection will be treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the substance of the motion, not on the timing or label affixed to it).

"To prevail on a Rule 59(e) motion, the moving party 'must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th Cir. 2013)(quoting *Blue v. Hartford Life & Accident Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012)). The petitioner has not satisfied either prong of this test. Accordingly, his

objection to the disposition of the action [dkt 62], treated as a motion to alter or amend judgment, is **denied.**

IV.

Douglas' motion for leave to appeal *in forma pauperis* has been received and processed. Accordingly, Douglas' motion for extension of time in which to file a motion for leave to appeal *in forma pauperis* [dkt 63] is **denied.**

V.

Douglas seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id*.

There is no objectively reasonable argument Douglas could present to argue that the disposition of this action was erroneous. In pursuing an appeal, therefore, the petitioner "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* [dkt. 65] is **denied.**

**IT IS SO ORDERED.**

Date: 02/10/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Monwell Douglas
DOC #150812
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Electronically Registered Counsel